IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KEVIN WILLIAM ELLISON                                                                  PLAINTIFF

V.                                              NO. 13-5135

TRAC PHONE WIRELESS,
A/K/A STRAIGHT TALK WIRELESS                                                    DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In an Order dated July 10, 2013, the undersigned noted that in his complaint, Plaintiff basically contended that he purchased a smart phone in October of 2012, but that it would not activate, and he was seeking $5,000 in damages. (Doc. 1). Before the Court directed service on Defendant, it directed Plaintiff to advise the Court, in writing, as to the basis for this Court's jurisdiction over this matter, either pursuant to a federal statute, or diversity jurisdiction, and that failure to timely respond could result in dismissal of the action. No response to said Order was filed.

On August 6, 2013, the undersigned entered an Order directing Plaintiff to show cause why his complaint should not be dismissed, by August 19, 2013. (Doc. 5). No response to said Order was filed.

"[A] district court may dismiss a case if 'the plaintiff fails to prosecute' or doesn't comply with the Federal Rules of Civil Procedure or a court order." DiMercurio v. Malcom, 716 F.3d 1138, 1140 (8th Cir. 2013)(quoting from Smith v. Gold Dust Casino, 526 F.3d 402, 404-05 (8th Cir. 2008). Based upon Plaintiff's failure to comply with two Orders entered by this Court, as well as the failure of Plaintiff's complaint to indicate the basis for jurisdiction, the Court hereby recommends that this matter be dismissed, pursuant to Fed.R.Civ.P. 41(b).

AO72A
(Rev. 8/82)

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 25th day of September, 2013.

*Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)